UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACKARY T. HARRIS,<br>Plaintiff,<br>v.<br>BRENDEN BULLARD, et al.,<br>Defendants. | Case No. 19-cv-06648-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 6 |

Plaintiff, an inmate at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A, as is his motion requesting injunctive relief with respect to Lake County Jail sergeant Brussard (Dkt. No. 6). For the reasons set forth below, the complaint is DISMISSED with leave to amend and the motion requesting injunctive relief is DENIED. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

In the form complaint, Plaintiff has named the following individuals as defendants: State of California Department of Fish & Game officer Brenden Bullard, public defender Anakalia Sullivan, public defender Thomas Feimer, public defender Edward Savin, Lake County District Attorney Susan Krones, Lake County District Attorney Abelson, Lake County Jail Sgt. Jimenez, Lake County Jail Officer Hartman, Lake County Jail Captain Taylor, Lake County Superior Court Judge Blum, Clearlake police officer Elvis Cook, Clearlake police officer Joe Kelleher, Clearlake police officer O'Reilly, Clearlake police officer Audiss, Clearlake police officer Eagle, Clearlake police officer Hobbs and Lake County Jail. Dkt. No. 1 at 2. In his caption on his hand-drafted complaint, plaintiff also names the following individuals as defendants: California Department of Fish & Wildlife lieutenant Pascoe; California Department of Fish & Wildlife lieutenant Jones; County of Lake; court clerk Carol Deuchar; dentist John Doe; and Lake County Jail officers Hartman and Wallahan.

Plaintiff's complaint is a lengthy and detailed narrative regarding events that happened

between August 3, 2018 and August 2019.[1] According to the complaint, these constitutional violations arise out of plaintiff's arrest on August 3, 2018 for driving an unregistered vehicle, possession of methamphetamine and marijuana for sale, and felony reckless evading; the subsequent court proceedings; the subsequent incarceration; later arrests; and medical treatment, or lack thereof, while incarcerated. *See generally* Dkt No. 1. Among other things, plaintiff claims that he has been subjected to use of excessive force by defendant Bullard and by Clearlake police officer Does; that he has been subjected to unreasonable and illegal search and seizure in violation of the Fourteenth and Fourth Amendment; that he has been subject to false arrest and illegal incarceration in Lakeport County and Ukiah County jails; that he has been falsely imprisoned due to a "farce and sham" conducted by Lake County Superior Court officers and district attorneys; that he has been the subject of intentional and negligent infliction of emotional distress; that he has suffered battery and assault; that Judge Blum, Judge Lunas, District Attorney Abelson, and Public Defender Anakalia Sullivan have conspired against him; and that Lake County Superior Court, et al., have committed a miscarriage of justice. Dkt. No. 1 at 5. Plaintiff seeks $5 million in compensatory damages, to be released from prison, and general and special damages.

As explained below, the complaint suffers from numerous deficiencies and is therefore dismissed with leave to amend.

**1. Challenges to State Court Proceedings and Conviction**

Many of plaintiff's claims challenge his state court criminal court proceedings. The Supreme Court has held that lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). This legal principle is referred to as the *Rooker-Feldman* doctrine, and this doctrine applies even when the state court judgment is not made by the highest state court.

---

[1] Plaintiff states that this action originally arises out of events that took place on or around April 2014, Dkt. No. 1 at 5, but the factual allegations only discuss events between August 2018 to August 2019, *see generally* Dkt. No. 1.

3

*See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Here, plaintiff challenges his state court conviction by challenging the state court proceedings on various grounds, including ineffective assistance of counsel and conspiracy between the judges, prosecutors and public defenders, and requests immediate release from incarceration. Such a challenge is barred by the *Rooker-Feldman* doctrine.

Moreover, if a plaintiff wishes to challenge his conviction, such a claim is not raised in a Section 1983 action. Depending on the grounds on which he challenges his conviction, such a claim may be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2254(d) provides that a person in custody pursuant to a state court judgment may raise a challenge to his conviction in federal court on the grounds that his conviction was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).[2] The Clerk of the Court is directed to send plaintiff two copies of a blank petition for a writ of habeas corpus.

Any claims challenging the state court proceedings are DISMISSED without leave to amend. Any claims challenging plaintiff's conviction are DISMISSED without prejudice to seeking relief in a petition for a writ of habeas corpus.

**2.    Rule 20 of the Federal Rules of Civil Procedure**

Plaintiff has alleged claims that are unrelated to the state court proceedings, such as officers using excessive force during an December 9, 2018 arrest and during an April 30, 2019 arrest; Lake County Jail officials opening his legal mail and preventing him from making copies;

---

[2] However, such a challenge may not be brought until the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). There is no indication that plaintiff has exhausted his state court remedies with respect to challenging his conviction.

4

and Lake County Jail officials failing to provide him with appropriate dental care in July 2019 and failing to respond appropriately to his August 30, 2019 request for various accommodations, and his requests for an optometrist appointment, treatment for a cancerous bump on his head, medication for a serious rash and for chronic back pain.

Fed R. Civ. P. 20 provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . ." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* Although these incidents may be related or follow chronologically, the incidents are separate series of occurrences and/or present different questions of law. For example, an allegation that Defendant Bullard and other police officers falsely arrested him and conducted an illegal search and seizure, in violation of the Fourth Amendment, is a separate occurrence from denial of dental care in Lake County Jail a year later in violation of the Eighth Amendment, and raises different questions of law.

In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue in this action that also meet the joinder requirements. If Plaintiff has suffered constitutional violations that may not be raised in the same action, he may bring separate actions to seek relief. In addition, for the reasons set forth above, the amended complaint may not include claims challenging the state court proceeding.

    **3.**    **Rule 8 of the Federal Rules of Civil Procedure**

5

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint's allegations be short and plain; simple, concise, and direct; and describe the relief sought. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff's complaint does not directly link each defendant to an alleged constitutional violation. The Court will not search through the factual allegations to determine cognizable causes of action. In his amended complaint, Plaintiff should list the constitutional right he has, describe what and when each defendant did or failed to do, and describe how each defendant's acts or omissions caused him injury. Plaintiff should also clearly identify the defendants in one place in the complaint, rather than adding defendants in various places throughout his complaint. A long pleading that goes into unnecessary detail about events not directly related to the constitutional violations raised in this action or which does not directly link each defendant to a constitutional violation will likely result in delay of the 28 U.S.C. § 1915A review or an order dismissing this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of the Court's instructions. In addition, the amended complaint may not include any claims challenging the state court proceeding.

**C.     Request for Temporary Restraining Order on Broussard**

Plaintiff has requested a temporary restraining order or injunctive relief requiring Lake County Jail Sergeant Broussard to provide a six-month trust account statement so that plaintiff may complete his *in forma pauperis* application and be removed from his position of supervising plaintiff's *pro per* status because he is denying plaintiff legal copies and legal material. Dkt. No. 6.

The motion for a temporary restraining order requiring Lake County Jail Sergeant Broussard to provide a six-month trust account statement is DENIED as moot. The financial summary provided by plaintiff at Dkt. No. 9 at 3 will suffice to complete plaintiff's *in forma pauperis* application.

The motion for a temporary restraining order removing Lake County Jail Sergeant Broussard from his position of supervising plaintiff's *pro per* status is DENIED.

First, a temporary restraining order may be granted without written or oral notice to the

6

adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Here, plaintiff has failed to show that immediate and irreparable injury will result to him if Lake County Jail Sergeant Broussard continues to supervise *pro per* status. Thus far plaintiff has been able to obtain the necessary materials to actively litigate his case. In two weeks, plaintiff has filed four pleadings, Dkt. Nos. 1, 2, 6, 8, and he reports that he is currently litigating another case in Lake County Superior Court, Dkt. No. 6 at 2.

Second, a plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. The Prisoner Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions. *See* 18 U.S.C. § 3626(a); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998). There is currently no operative complaint and it is unclear which claims plaintiff will choose to raise in this action in the amended complaint, i.e. deliberate indifference to medical needs Eighth Amendment claim, false arrest claims, unlawful search and seizure claims, or lack of access to the courts First Amendment claim.

Third, it is unclear if Sgt. Broussard will be a party to this action. As discussed above, there is no operative complaint and it is unclear which claims plaintiff will raise in an amended complaint and which individuals he will name as defendants.

For these reasons, plaintiff's request that the Court issue a temporary restraining order or other injunctive relief requiring that Sgt. Broussard be removed from his position of supervising plaintiff's *pro per* status is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

7

1. Plaintiff's request the Court issue a temporary restraining order or other injunctive relief requiring Lake County Jail Sergeant Broussard to provide a six-month trust account statement is DENIED as moot. Dkt. No. 6. Plaintiff's request that the Court issue a temporary restraining order or other injunctive relief requiring that Sgt. Broussard be removed from his position of supervising plaintiff's *pro per* status is DENIED. Dkt. No. 6.

2. Any claims challenging the state court proceedings are DISMISSED without leave to amend. Any claims challenging plaintiff's conviction are DISMISSED without prejudice to seeking relief in a petition for a writ of habeas corpus. The Clerk of the Court is directed to send plaintiff two copies of a blank petition for a writ of habeas corpus.

3. The remainder of the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-06648 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. If plaintiff chooses to file an amended complaint, Plaintiff should make it as concise as possible. The amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge