UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACKARY T. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>BRENDEN BULLARD, et al.,<br><br>Defendants. | Case No. 19-cv-06648-HSG<br><br>**ORDER DISIMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 14) is now before the Court for review under 28 U.S.C. § 1915A, as is his motion requesting appointment of counsel (Dkt. No. 15). For the reasons set forth below, the amended complaint is DISMISSED with leave to amend and the motion requesting appointment of counsel is DENIED.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Amended Complaint**

The amended complaint suffers from numerous deficiencies and will be dismissed with leave to amend. To assist plaintiff in preparing a second amended complaint, the Court identifies some of the deficiencies.

First, it is unclear what plaintiff's legal claims are and whom he intends to sue. Plaintiff has identified the following individuals as defendants: Clearlake Police Department officers O'Rielley, Myers, Cook, Kelleher, Hobb, Eagle, and Audiss; California Department of Fish & Game officers Bullard, Jones, and Pascoe; Tow Yards Enterprise Del Prado and All American Two Services John Does 1-3; Lake County public defenders Sullivan, Femer, Thayer; and Lake County district attorneys or court staff Krones, Abelson, and Deuchar. Dkt. No. 14 at 2. In the facts section, plaintiff alleges that these defendants committed various constitutional violations. However, in the section titled "Legal Claims," plaintiff only lists the following legal claims: (1) on December 9, 2018, defendant Bullard violated his Fourth Amendment right to be free from illegal search and seizure and his Eighth Amendment right to be free from excessive force; (2) on August 3, 2018, defendants Bullard, Hobb, Eagle, and White illegally searched his vehicle in violation of the Fourth Amendment; (3) on April 30, 2019, defendants Cook, Keheller, and White, et. al.

violated the Fourth and Eighth Amendments when they assaulted plaintiff and confiscated his vehicle and property; (4) defendants were deliberately indifferent to his dental and medical needs. Dkt. No. 14 at 9. It is unclear if plaintiff intends to limit his legal claims to the claims set forth in the legal claims section, or also seeks relief based on the claims scattered throughout the facts section. Also, the facts section does not describe any indifference to plaintiff's dental or medical needs or identify which of the named defendants were indifferent to his dental or medical needs. In filing a second amended complaint, plaintiff should list all his legal claims in the legal claims section. The Court will not presume that allegations of constitutional violations in the facts section are legal claims that he seeks to raise in this action. Plaintiff should number each legal claim and identify whom (which defendant) the claim is against, what facts support the claim, and what constitutional provision was violated.

Second, the amended complaint continues to violate Fed. R. Civ. P. 20. As explained previously, Fed R. Civ. P. 20 provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . ." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* Plaintiff's claim that defendant Bullard committed an unconstitutional search and seizure on August 3, 2018 does not arise out of the same occurrence as his claim that defendants Kelleher, Cool, or Audiss committed an unconstitutional search and seizure on August 30, 2019 and also used excessive force in violation of the Eighth Amendment that same day. Similarly, a failure to treat plaintiff's medical needs is a separate occurrence from a false arrest. Plaintiff's conclusory allegation that defendants conspired

3

to commit all the alleged constitutional violations between August 2014 to present are insufficient to link these occurrences as a related series of transactions. In his second amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. If plaintiff has suffered constitutional violations that may not be raised in the same action, he may bring separate actions to seek relief.

Third, the claims against the Lake County public defender and district attorney defendants must be dismissed. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Public defenders do not act under color of state for Section 1983 purposes when they are acting in their role as advocates. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981).

Fourth, in listing defendants, plaintiff uses "et al.," which implies that there are defendants in addition to the ones identified by name. Plaintiff must identify each defendant by name.

Fifth, false arrest claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. If success in the § 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings). *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

//

**D.  Request for Appointment of Counsel**

Plaintiff has requested that the Court appoint counsel. Dkt. No. 15. He argues that counsel is necessary because there are numerous defendants; there is a serious need for cross-examination and subpoenaing of witnesses; he is unable to afford counsel, his imprisonment will greatly limit his ability to investigate, the issues raised are complex and require significant research and investigation, he has limited access to the law library and limited knowledge of the law; a trial in this case will likely involve conflicting testimony against various government and court officials and counsel would better enable plaintiff to present evidence and cross-examine witnesses; plaintiff has made numerous unsuccessful attempts to obtain counsel; he has exhausted his administrative remedies; and he has stated a cognizable claim for indifference to his serious medical needs in violation of the Eighth Amendment. Dkt. No. 15 at 1-6.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well

have fared better with assistance of counsel not enough).

Plaintiff's motion requesting appointment of counsel is DENIED for lack of exceptional circumstances. Plaintiff has ably prosecuted this case thus far and the claims articulated thus far are not particularly complex. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff's request for appointment of counsel is DENIED. Dkt. No. 15.

2. The amended complaint is dismissed with leave to amend. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-06648 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint must be complete in itself without reference to any prior pleading because an amended complaint completely replaces the previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff. The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: 1/21/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge