UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACKARY T. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BRENDEN BULLARD, et al.,<br><br>    Defendants. | Case No. 19-cv-06648-HSG<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 19 |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now pending before the Court is plaintiff's motion to disqualify the undersigned judge on grounds of judicial bias and prejudice. Dkt. No. 19. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

Plaintiff has filed a motion to recuse the undersigned judge on the grounds of judicial bias. He argues that there is a probability of actual bias and prejudice on the part of the undersigned judge based on the undersigned's denial of plaintiff's request for appointment of counsel and the undersigned's premature denial of his request for a temporary restraining order.[1]

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias

---

[1] Plaintiff also notes that this case was originally assigned to Magistrate Judge Robert Illman and then reassigned to the undersigned, despite plaintiff having never consented to being assigned to a district court judge or having requested reassignment to a district court judge. Dkt. No. 19. This action's reassignment to the undersigned was because plaintiff requested a temporary restraining order, which is an action that a magistrate judge may not take without the consent of all parties. Dkt. No. 7.

1    or prejudice either against the party or in favor of an adverse party, and setting forth the facts and
2    reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify
3    himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.
4    § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* §455
5    (b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 867. Specifically, recusal is appropriate under both statutes where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 642 F.2d at 867.

Here, plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and consequently are insufficient as a matter of law. Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). Judicial rulings may constitute grounds for appeal, but are not a valid basis for a motion for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Plaintiff's motion is legally insufficient to require recusal and will therefore be DENIED.

//

//

2

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to disqualify the undersigned judge.

This order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 3/19/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge